IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY ZIERKE, | |
| Plaintiff, | **4:21CV3187** |
| vs. | |
| MATTHEW MOLSEN, and RICHARD G. KOPF, District Judge; | **MEMORANDUM AND ORDER** |
| Defendants. | |

The plaintiff Gary Zierke ("Zierke") filed a Complaint on September 21, 2021. Filing 1. He has been granted leave to proceed in forma pauperis and paid the required filing fee on December 10, 2021. *See* Filing 9. The court now conducts an initial review of the plaintiff's Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Zierke, an inmate at the Federal Correctional Institution Allenwood Medium, brings this action against United States District Court Judge Richard G. Kopf ("Judge Kopf") and Matthew Molsen ("Molsen"), who is alleged to have been a Deputy County Attorney for Hall County, Nebraska at all times relevant to this action but is currently an Assistant United States Attorney for the District of Nebraska.[2] Filing 1 at 1; *see* Filing 4. Zierke alleges violations of his rights under the Fourth Amendment as well as due process and equal protection violations. Filing 1 at 5. As relief, Zierke "seeks

---

[1] For purposes of this initial review, the court will consider the plaintiff's affidavit (filing 12) as part of the Complaint.

[2] The body of the Complaint also identifies Hall County Attorney Mark Young ("Young") as a party, but Zierke crossed out Young's name in the caption and has omitted Young's name in all of his subsequent filings. Filing 1 at 1–2; *see also* Filings 4, 10, 12, 13, & 15. The court, therefore, does not consider Young to be a defendant in this action.

to have charges filed against Matthew Molsen . . . and punitive damages in the amount of 200 million dollars." Filing 1 at 6.³

Zierke alleges that Molsen "was involved in a raid" at Zierke's residence on February 14, 2008, before any charges were filed against Zierke, and Molsen "was present during the search of Zierke's residence without authority by way of warrant, state custom, statute, custom, rule or regulation." Filing 1 at 3, 5. Molsen allegedly "conspired with county law enforcement" and "provided advice to local law enforcement Rick Conrad regarding the affidavit in support of [a search of] Zierke's residence." Filing 1 at 2. Zierke claims Molsen "was not acting as an advocate for the state, but as [an] investigator who did not have authority to enter Zierke's home." Filing 1 at 5. Zierke further alleges Molsen "withheld exculpatory evidence [because] his mere presence at Zierke's residence without authority was suppression testimonial evidence that could have been used in pretrial." Filing 1 at 4.

Zierke claims Judge Kopf "had authority to prevent Matthew Molsen from violating Zierke's rights under the State's Constitution, Federal Constitution, and Rules of Fed. Crim. P. 41 and title 3109. Judge Kopf was made aware that Matthew Molsen was present during the search of Zierke's residence" and "knew Mr. Molsen was acting outside the scope of his duties but did nothing to prevent the constitutional violations." Filing 1 at 4. Instead, Zierke alleges Judge Kopf "conspired with Matthew Molsen knowing being in Zierke's residence was outside his authority." Filing 1 at 5.

After filing his Complaint, Zierke filed an Affidavit, which the court considers supplemental to his Complaint. Filing 12. In his Affidavit, Zierke reiterates his conspiracy claim against Judge Kopf and Molsen and also complains that Judge Kopf wrongfully denied Zierke's second motion for compassionate release on October 19, 2021, in *United States v. Zierke*, No. 4:08-cr-03067-RGK-DLP (D. Neb.) (hereinafter "4:08CR3067"). Zierke alleges Judge Kopf allowed altered evidence in Zierke's federal criminal trial and relied on conduct for which Zierke was never convicted in denying his motion for compassionate release. Zierke asks "this court to make a full ruling on this matter." Filing 12 at 3.

---

³ Capitalization, spelling, and punctuation in citations to the Complaint are corrected throughout this order.

2

The court's records reflect that on January 16, 2009, a jury found Zierke guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 117, Case No. 4:08CR3067. Molsen represented the United States as a Special Assistant U.S. Attorney in Zierke's criminal case. *See* Filing 1, Case No. 4:08CR3067. Judge Kopf sentenced Zierke to 360 months' imprisonment followed by concurrent terms of five years and three years of supervised release. Filing 151, Case No. 4:08CR3067. Zierke's convictions and sentences were affirmed on appeal. Filing 172, Case No. 4:08CR3067; *United States v. Zierke*, 618 F.3d 755 (8th Cir. 2010).[4]

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

---

[4] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian, 760 F.3d at 849* (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

**A. Statutory Grounds for Claims**

Zierke purports to bring his claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and 18 U.S.C. § 242. However, most of these federal statutes do not serve as a proper basis for his claims.

*1. 18 U.S.C. § 242*

Zierke has no private right of action under 18 U.S.C. § 242, which establishes criminal liability for certain deprivations of civil rights. *See Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018) (citing cases and dismissing plaintiff's claims under 18 U.S.C. §§ 241, 242, and 245 with prejudice "because those sections do not confer a private right of action"); *Horde v. Elliot*, No. 17-CV-800 (WMW/SER), 2018 WL 987683, at *10 (D. Minn. Jan. 9, 2018), *report and recommendation adopted*, No. 17-CV-0800 (WMW/SER), 2018 WL 985294 (D. Minn. Feb. 20, 2018) ("Horde's claims arising under 18 U.S.C. § 242 also necessarily fail to state a claim because it is well-settled that 18 U.S.C. § 242 does not provide a private right of action."); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) ("Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and [18 U.S.C. §§ 241–242] do not give rise to a civil cause of action.").

Moreover, to the extent Plaintiff requests that criminal charges be brought against Molsen, Plaintiff does not state a federal claim, as a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what

4

charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted).

*2. 42 U.S.C. § 1985*

Section 1985 "provides a cause of action for damages sustained as a result of conspiracies to obstruct justice, 42 U.S.C. § 1985(2), as well as conspiracies to deprive individuals of equal privileges and immunities and equal protection under the law, 42 U.S.C. § 1985(3)." *Kelly v. City of Omaha*, 813 F.3d 1070, 1077 (8th Cir. 2016). "In order to state a claim for conspiracy under § 1985, a plaintiff 'must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.'" *Id.* at 1077–78 (quoting *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). "This standard requires that 'allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action.'" *Id.* (quoting *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989)). While Zierke alleges that Judge Kopf and Molsen conspired to violate his rights, he fails to allege particular and specific facts showing that any of the defendants' alleged misconduct arose from any meeting of minds or an agreement. He has therefore failed to state a plausible claim for relief under § 1985.

*3. 42 U.S.C. § 1986*

"In order to bring a § 1986 claim for failure to prevent a conspiracy to interfere with civil rights, a plaintiff must show that (1) the defendants had actual knowledge of a § 1985 conspiracy, (2) the defendants had the power to

5

prevent or aid in preventing the commission of the § 1985 conspiracy, (3) the defendants neglected or refused to prevent the conspiracy, and (4) a wrongful act was committed." *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1223–24 (8th Cir. 2015). "Accordingly, a § 1986 cause of action is dependent upon a valid § 1985 claim." *Id.* Because no valid § 1985 claim is stated here, Zierke has also failed to state a claim for relief under § 1986.

*4. 42 U.S.C. § 1983*

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Zierke seeks damages against Judge Kopf, a federal district court judge, and Molsen, an alleged Deputy County Attorney for Hall County, Nebraska, in both their official and individual capacities. Zierke's claims against Molsen may be properly considered under § 1983. However, Zierke's claims against Judge Kopf are properly considered as claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).[5] "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). For the reasons explained

---

[5] In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal officers alleged to have violated the petitioner's Fourth Amendment rights. The Court subsequently found the "*Bivens*" remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 17–19 (1980), and the Due Process Clause, *Davis v. Passman*, 442 U.S. 228, 230 (1979). *See Hui v. Castaneda*, 559 U.S. 799, 803 n.2 (2010) (summarizing applicability of *Bivens*). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1855 (2017).

6

below, Zierke's Complaint fails to state a claim for relief under either § 1983 or *Bivens* against either of the named defendants and will be dismissed.

### B. Claims against Judge Kopf

*1. Sovereign Immunity*

Sovereign immunity prevents the court from exercising jurisdiction over Zierke's claims against Judge Kopf in his official capacity.

The doctrine of sovereign immunity provides that the United States is immune from suit absent an express waiver by Congress. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411–12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "A lawsuit against a government official in his official capacity is tantamount to a suit against 'an entity of which an officer is an agent'; therefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity." *Moore v. Gerrard*, No. 4:15CV3140, 2016 WL 8376696, at *1 (D. Neb. Feb. 22, 2016), *aff'd*, 667 F. App'x 582 (8th Cir. 2016) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal quotation marks omitted)).

As a federal district court judge, Judge Kopf is part of the United States government for purposes of sovereign immunity. *See Graham*, 473 U.S. at 165–66. The United States clearly falls within the protective reach of sovereign immunity. There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, this court lacks jurisdiction over Zierke's claims against Judge Kopf in his official capacity.

### *2. Judicial Immunity*

Zierke's claims against Judge Kopf in his individual capacity likewise fail because Judge Kopf is entitled to absolute immunity.

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Moreover, "a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (internal quotation omitted).

While Zierke alleges that Judge Kopf "acted outside the scope of official duties," (filing 1 at 1), his allegations are completely conclusory and lack any factual support. All acts Zierke complains of were taken in the context of his federal criminal trial in Case No. 4:08CR3067, and all of Judge Kopf's actions were taken in his judicial capacity. It is equally evident from review of Zierke's records in Case No. 4:08CR3067 that Judge Kopf, a duly appointed federal judge, had jurisdiction to preside over Zierke's criminal trial. Thus, despite Zierke's conclusory assertions to the contrary, Judge Kopf did not act outside his judicial capacity or without jurisdiction in Zierke's criminal trial, and he is entitled to immunity.

### *3. No Review of Judge Kopf's Decisions*

Lastly, to the extent Zierke asks the undersigned to review Judge Kopf's decisions in his criminal case, a federal district court judge lacks jurisdiction to review the decisions made by another district court judge. *See Wiley v. Wilkins*, 134 F. Supp. 3d 308, 309 (D.D.C. 2015), *aff'd*, 671 F. App'x 807 (D.C. Cir. 2016); *see also United States v. Thurston Cty., Neb.*, 54 F. Supp. 201, 204 (D. Neb. 1944), *aff'd sub nom*. *Thurston Cty., Neb v. U S*, 149 F.2d 485 (8th Cir. 1945); cf. 28 U.S.C. § 132(c). The only court that can hear

an appeal from Judge Kopf's decisions in Case No. 4:08CR3067 is the U.S. Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. §§ 41; 1291, & 1294.

## C. Claims against Molsen

### 1. Official Capacity

Zierke's claims against Deputy Hall County Attorney Molsen in his official capacity are essentially claims against Hall County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted). "To hold the county liable when an agent or employee violates a plaintiff's constitutional rights, the violation must stem from an official municipal policy or custom." *Thiel v. Korte*, 954 F.3d 1125, 1129 (8th Cir. 2020). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Zierke's Complaint fails to allege that any actions were taken pursuant to a policy or custom of Hall County. Rather, Zierke alleges Molsen acted "under no authority under state law, state custom, or state usage." Filing 1 at 3. "Although [Zierke] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Zierke has not done so, and his official-capacity claims against Molsen therefore fail. The court concludes it would be futile to give Zierke leave to amend his Complaint because, as explained below, Zierke's claims against Molsen are barred by the statute of limitations.

*2. Prosecutorial Immunity and Statute of Limitations*

Liberally construed, Zierke alleges Molsen participated in a search of Zierke's residence on February 14, 2008, without authority and outside the scope of his position as a Deputy Hall County Attorney, and withheld evidence of his presence during the search in Zierke's criminal pretrial proceedings.

To the extent Zierke complains about actions taken by Molsen while acting as the Special Assistant U.S. Attorney during Zierke's criminal trial, Molsen is entitled to immunity from such claims. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct

10

that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

With respect to Molsen's alleged conduct "as [an] investigator" and not as an "advocate for the State," (filing 1 at 5), the court finds it unnecessary to examine the plausibility of Zierke's claims against Molsen as it is abundantly clear that all of his § 1983 claims are barred by the applicable statute of limitations. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). (Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run.).

The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a 4-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412–13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated . . . ."). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

Here, Zierke alleges Molsen participated in the February 14, 2008 search of his residence without a warrant or other authority in violation of the Fourth Amendment. Zierke alleges in his Complaint that Molsen's involvement in the search was evident during his criminal case when Molsen stated on the record, "It's going to be apparent today through the testimony of the witnesses that I was present where the search warrant was done." Filing 1 at 3. Zierke was found guilty by a jury on January 16, 2009. Thus, Zierke's section 1983 claims against Molsen accrued well over four years before he filed the present action on September 21, 2021, and his claims are barred by the statute of limitations.

11

## IV. MOTION FOR SUMMONS

On December 9, 2021, Zierke filed what the court construes as a motion for summons, asking the court to issue summons on the defendants because Zierke had paid his initial partial filing fee payment. Filing 15. Because the court has concluded that Zierke's Complaint should be dismissed, his motion for summons is denied.

## V. CONCLUSION

Zierke's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §§ 1983, 1985, and 1986 and 18 U.S.C. § 242. Zierke's claims against Judge Kopf in his official capacity are barred by sovereign immunity, and Judge Kopf is entitled to judicial immunity against Zierke's individual capacity claims. Molsen is also entitled to absolute immunity against Zierke's claims for actions taken in Molsen's role as a prosecutor in his federal criminal action. Any remaining claims against Molsen fail as they are barred by the statute of limitations.

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered.

3. The plaintiff's pending motion for summons (filing 15) is denied.

Dated this 15th day of February, 2022.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge