IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY ZIERKE,<br><br>                 Plaintiff,<br><br>vs.<br><br>MATTHEW MOLSEN, and RICHARD G. KOPF, District Judge;<br><br>                Defendants. | **4:21CV3187**<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on the plaintiff Gary Zierke's ("Zierke") Motion to Reconsider (filing 18), which the court liberally construes as a Rule 59(e) motion to alter or amend judgment.[1]

    Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

    Here, Zierke asks the court to reconsider its determination that his claims against the defendant Matthew Molsen ("Molsen") arising out of the February 14, 2008 search of Zierke's residence are barred by the statute of limitations. Zierke cites to Fed. R. Civ. P. 15(c)[2] and argues that his present

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Zierke's motion was timely filed on February 28, 2022.

[2] Rule 15(c)(1) provides:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>     (A) the law that provides the applicable statute of limitations allows relation back;

claims relate back to his original claim against Molsen asserted in an action filed in this court in 2008. *See Zierke v. Molsen, et al.*, No. 8:08-cv-00367-LSC-PRSE (D. Neb.) (hereinafter "2008 case"). Alternatively, Zierke argues he is entitled to equitable tolling.

Zierke's reliance on Rule 15 is misplaced. "Rule 15 cannot apply to a previously dismissed case . . . because the text of the Rule makes clear that the Rule applies to 'amendments' and not new cases." *Farr v. Designer Phosphate & Premix Int'l, Inc.*, 804 F. Supp. 1190, 1195 (D. Neb. 1992) (citing *Morgan Distributing Company, Inc., v. Unidynamic Corporation*, 868 F.2d 992, 994 (8th Cir.1989)).

Instead, relation back of the present suit to the 2008 case depends on whether it falls within the Nebraska "savings statute" which allows refiling of a suit "within a period equal to the lesser of (a) six months after the failure of the action or (b) a period after the failure of the action equal to the period of the applicable statute of limitations of the original action." Neb. Rev. Stat. § 25-201.01. *See Morgan Distrib. Co.*, 868 F.2d at 994 (applying Arkansas savings statute where plaintiff argued suit filed in 1985 "related back" to suit filed in 1983). Clearly, Zierke filed the present suit well outside the time limits provided in the Nebraska savings statute. Moreover, the Nebraska savings statute does not allow a new action to be commenced "when the original action failed . . . as a result of voluntary dismissal by the plaintiff for a reason other than loss of diversity jurisdiction in a federal court." Neb. Rev. Stat. § 25-201.01(2)(b). In the 2008 case, Zierke filed a motion to dismiss Molsen as a party which the court granted, and Zierke's claims against

---

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Molsen were dismissed without prejudice on February 10, 2009. *See Zierke v. Molsen*, No. 8:08CV367, 2009 WL 348071 (D. Neb. Feb. 10, 2009).

Finally, upon careful consideration of Zierke's motion, the court finds he has not established any basis for equitable tolling of the statute of limitations. Zierke has not shown that the court's judgment of dismissal was the result of manifest error of law or fact, nor has he demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the dismissal. Accordingly,

IT IS ORDERED: The plaintiff's Motion to Reconsider (filing 18) is denied.

Dated this 2nd day of March, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

3